OPINION
By DOYLE, J.
This is an appeal on questions of law from the Court of Common Pleas of Summit county.
The action in the Court of Common Pleas was one to contest the validity of the last will and testament of Creighton Potts, deceased. A jury rendered a verdict sustaining the will, and judgment was entered thereon. This appeal is from that judgment.
1. It is urged that the court erred in its refusal to permit a lay witness to give her opinion of the mental condition of the testator. .
“2. It is the established law of Ohio that in such an action [action to contest the validity of a will] a lay witness, although not a subscribing witness, who has theretofore given testimony upon which an opinion can reasonably be based, may give his opinion as to the soundness or unsoundness of the mind of the testator.”
Niemes v Niemes, et al., 97 Oh St 145.
The language in the above rule, to wit, “who has theretofore given testimony upon which an opinion can reasonably be based,” has been determined in instances too numerous to mention to mean that, before the witness’s opinion as to the mental unsoundness of the testator may be given, there must be given in evidence, by the witness, facts which tend to show such a condition to exist. This for the reason that the jury in determining what weight should be given the opinion evidence is entitled to know the basis for suck opinion.
A careful analysis of the record fails to disclose sufficient factual evidence given by the witness tending to show a lack of mental cap *384 acity in the testator as to warrant the court in permitting an opinion to be given by the said witness.
The qualification of a witness is to a great degree within the discretion of the court. And the exercise of such discretion must be bottomed upon the well-known principles heretofore mentioned. Under this record we are of the opinion that the court did not err in refusing to permit the witness to give the opinion evidence. See 17 O. Jui'., Evidence, §386, p. 479.
2. Error is further claimed to the court’s action in “overruling appellant’s motion made at the conclusion of appellees’ ease, to'reopen her case in order to permit her to introduce additional material evidence, to which exception was taken,” and
3. To the court’s “refusal to admit testimony offered by the appellant in rebuttal, to which exception was taken.”
The evidence disclosed that in 1894 the testator had been adjudicated insane by the Probate Court of Summit county, and again in 1916 a guardian was appointed for him by the same court after an adjudication that he was an imbecile.
In 1926, the guardian tendered Ms resignation to the court, and the following entry appears in connection therewith: ■ “Said guardian having tendered his resignation, be and bondsmen are hereby discharged.” The court found the ward to be entitled to credits amounting to $3787.22. There was no other guardian appointed. Hiere is evidence tending to establish the fact that for many years prior to the date of the purported will the testator had been gainfully employed in local industry and had, over a period of years, so managed his earnings as to build a substantial estate; and, during the guardianship, had worked steadily as a fairly skilled workman.
At the time of the resignation of the guardian, the law of Ohio permitted a guardian to- resign his charge if he saw fit to do so, and to file a final account. There was no further obligation upon either the guardian or the court. An examination of the ward was not necessary. The court, as heretofore stated, did not appoint a successor guardian.
The contestant “took the view that the Probate Court records introduced in * * * (contestant’s) case in chief to show that * * * (the testator) had been adjudicated insane in 1894 and an imbecile in 1916, established a presumption of incapacity to make a will, and that the presumption of such incapacity continued up to and beyond the time in 1927 that the will was made.”
It is further the contestant’s claim that “by showing the adjudications of insanity and imbecility in her case in chief, the appellant (contestant) had established at least a prima facie case of incapacity to make a will,” and that “the duty of going forward, as distinguished from the burden of proof, had shifted to the appellees.” And, such being the case, that the court erred in refusing to permit the contestant to introduce .further evidence on the subject of the mental incapacity of the testator after the proponents had introduced their evidence on the question of the testator’s capacity.
It so happens that in this state the conduct- of a trial to contest the validity of a will is regulated by statute. Sec. 12085 GC, provides:
“The party sustaining the will shall be entitled to open and close the evidence and argument. He *385 must offer the will and probate, and rest. The opposite party then shall offer his evidence; the party sustaining the will then must offer his other evidence. Rebutting evidence may be offered as in other cases.”
The admission into evidence of the'will and the order of the Fro-bate Court admitting the will to probate as the valid last will and testament of the testator is sufficient to establish a prima facie ea.se of “the due attestation, execution, and validity of the will * * *.” Sec. 12083 GC.
It is then incumbent upon the contestant to offer evidence sufficient to preponderate against the evidence offered in support of the will, as well as the presumption arising from its probate. And, although this evidence establishes the fact that the testator has been adjudged insane and an imbecile by a court of competent jurisdiction, which in turn raises a presumption of the continuance of this mental condition, the fact of the creation of such a presumption does not change the “duty of going forward,” as suggested by counsel, because the statute provides for no exceptions in the procedure.
But regardless of the statute, it is not the law in this state that an adjudication of insanity or imbecility makes a prima facie case of testamentary incapacity. ¡The fact that there has been such an adjudication in the past and no subsequent determination by the court of the mental condition of the person, does create a presumption of the continuance of such mental condition, and of course will be considered in determining the ultimate fact as to whether such person possessed sufficient testamentary capacity.
The contestant’s claim is that imbecility under statutory definition in Ohio is a condition of permanent and hopeless incapacity, with no lucid intervals or periods of ordinary intelligence. Sec. 10501-1 GC, is cited, in which an imbecile is defined as “any person who, not born idiotic, has become so,” and an idiot as “a person foolish from birth, or supposed to be naturally without a mind.”
In this connection, it must be observed that, in. the same chapter of the Probate Code there appears a statute which authorizes the-termination of the guardianship of an imbecile, and provides that, upon the filing of a journal entry terminating the guardianship, such entry “shall have the force and effect of a determination by the court that such person is restored to sanity.” Sec. 10507-61 GC.
It is apparent from the foregoing that the legislature of this state, when it defined the word “imbecile,” did not intend that it should mean “a condition of permanent and hopeless incapacity.”
Whether the court, at the conclusion of the proponents’ final evidence, erred in refusing the contestant’s motion to reopen her case and introduce additional evidence, is governed by the following general rule:
“Generally speaking, however, a party cannot insist, as a matter of right, upon presenting further evidence after his case had been closed; when á party, after resting his ease, asks permission to reopen and introduce further evidence, the grant or refusal of such request is within tt» sound discretion of the trial court.”
39 O. Jur., Trial, §76, p. 650.
*386 *385 It has been a general rule in *386 this state for a century and more that a party upon whom the affirmation of an issue devoives is bound to give all of his evidence in support of the issue in the first instance, and he can only give such evidence in reply as tends to rebut the new matter introduced by his adversary.
He cannot withhold evidence confirmatory of his case and then offer it in rebuttal, unless the confirmatory evidence should be also actually rebutting evidence. Any relaxation of this rule must be addressed to the sound discretion of the trial court.
This court has carefully reviewed the record on this point, and in consideration thereof is of the opinion that the trial court did not abuse its discretion under the circumstances. The evidence offered’ was merely cumulative to the evi- . snee produced in chief and was not rebuttal evidence in the sense that that term is used in law.
4 and 5. It is claimed as error the court’s “refusal to- give the contestant’s special requests for instructions to the jury before argument,” and likewise the court’s “refusal to sustain her (contestant’s) motion fo-r a new trial on the ground that the verdict was against the weight of the evidence and contrary to law.”
In connection with the refusal of the court to give to the jury before argument certain requested instructions, we find in such refusal no error prejudicial to the Tights of the contestant.
A consideration of the entire record impels the members of this court to the conclusion that the case was fairly submitted to a jury upon proper and competent evidence and under proper legal instructions, and that the finding of the jury on the testamentary capacity of the testator is not manifestly against the weight of the evidence.
The judgment' is affirmed.
WASHBURN, PJ., & STEVENS, J., concur.