OPINION
This timely appeal arises from a jury verdict convicting Appellant, Jason Bigsby, of felonious assault. The trial court sentenced Appellant to four years imprisonment with an additional three year sentence pursuant to a firearm specification. Appellant argues that he presented sufficient evidence of self-defense which entitled him to an acquittal and further challenges the supplemental jury instructions given by the trial court. For all of the reasons that follow, this Court affirms the judgment of the trial court.
On September 8, 1996, Appellant was a passenger in an automobile driven by Robert Burdge, Jr.. The automobile was stopped for a traffic light in downtown Steubenville, Ohio. Two cars ahead and also waiting for the traffic light was a car driven by the victim, Jermaine Crawford. While waiting for the light to change, Appellant exited the vehicle in which he was a passenger, walked up to the victim's car, and shot through the driver's side window. The victim was shot in the left forearm with the bullet passing through his arm and penetrating his lower chest.
On October 7, 1996, the Jefferson County Grand Jury indicted Appellant on one count of felonious assault with a firearm specification. Appellant entered a plea of not guilty on October 11, 1996, and a jury trial commenced on December 6, 1996. On December 10, 1996, the jury returned a verdict finding Appellant guilty of felonious assault with a firearm specification. On December 20, 1996, Appellant was sentenced to a four year term of imprisonment with an additional three year sentence for the firearm specification. This timely appeal followed.
In his first assignment of error, Appellant argues that:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO FIND BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT ACTED IN SELF DEFENSE."
In this assignment of error, Appellant argues that he produced sufficient evidence demonstrating that he acted in self-defense when he shot the victim. Citing State v. Robbins
(1979), 58 Ohio St.2d 74, Appellant asserts that the trier of fact was required to acquit him since he established all of the elements of self-defense. We disagree with this contention. In Ohio, self-defense is an affirmative defense. State v. Martin
(1986), 21 Ohio St.3d 91. By statute, "[T]he burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused." R.C. 2901.05 (B). To establish the defense of self-defense, the following elements must be proven:
 "(1) the [accused] was not at fault in creating the situation giving rise to the affray; (2) the [accused] has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape was in the use of such force; and (3) the [accused] must not have violated any duty to retreat or avoid the danger."
Robbins, supra at paragraph 2 of syllabus.
If the accused fails to prove any of the above-cited elements by a preponderance of the evidence, he has failed to demonstrate that he acted in self-defense. State v. Jackson (1986), 22 Ohio St.3d 281,284.
Our review of the record before us indicates that Appellant failed to provide evidence as to any of the required factors mandated by Robbins, supra. Appellant vigorously argues that there was ample evidence demonstrating that he has a reputation in the local community for being peaceful and for not carrying a gun. By way of comparison, Appellant argues that the victim in this case has a reputation in the local community for carrying firearms and is known by the nickname "Buckshot". Appellant further asserts that there was testimony indicating that Appellant and the victim had a long standing dispute, that Appellant was afraid of the victim and that Appellant did not own the gun he used to shoot the victim. We agree that the record contains this testimony. This testimony, however, even if believed by the trier of fact, does not speak to any of theRobbins factors required to demonstrate self-defense.
Appellant himself testified that just prior to the shooting he was sitting in his friend's car waiting f or a traffic light. (Trial Transcript, p. 179). Appellant saw the victim sitting in his car also waiting for the traffic light. Appellant testified that he got out of his car, walked up to the victim's car, placed his firearm against the victim's window and pulled the trigger. (Trial Transcript. P. 181)
Appellant failed to present any evidence that he was not at fault in creating the confrontation, failed to produce any evidence that he was in imminent danger of death or great bodily harm and that his only means of escape was in the use of such of such force, and failed to demonstrate that he did not violate any duty to retreat. Indeed, the evidence clearly shows that Appellant created the situation by exiting his vehicle, approaching the victim's vehicle, pointing the firearm at the victim and shooting the victim at point-blank range while the victim was waiting for the traffic light.
While this Court recognizes that Appellant's first assignment of error is an allegation that the verdict was against the manifest weight of the evidence in light of his theory of self-defense, we need not analyze the argument as presented based upon our conclusion that there was no evidence of self-defense. Accordingly, Appellant's first assignment of error is overruled.
In his second assignment of error, Appellant argues that:
 "THE COURT COMMITTED REVERSIBLE ERROR BY IMPROPERLY INSTRUCTING THE JURY ON THE POSSIBILITY OF A VERDICT."
In the case at bar, after approximately three hours of deliberation, the jury communicated the following message to the trial court: "We are deadlocked after six votes. Thank you. Signed by Mrs. Matruski." (Trial Transcript, p. 248). Upon receiving this message, the trial court instructed the jury as follows:
 "In a large proportion of cases, absolute certainty can not be attained or expected. Although the verdict must reflect the verdict of each individual juror and not mere acquiescence in the conclusion of other jurors. Each question submitted to you should be examined with proper regard and deference to the opinion of others. It is desirable that the case be decided.
 "You are selected in the same manner and from the same source as any future jury — as any future jury would be. There is no reason to believe the case will ever be submitted to a jury more capable, impartial or intelligent than this one. Likewise, there is no reason to believe that more or clearer evidence will be produced by either side.
 "It is your duty to decide this case if you can conscientiously do so. You should listen to one another's opinions with a disposition to be persuaded. Do not hesitate to reexamine your views and change your position if you are convinced it is erroneous. If there is disagreement, and there appears to be from what you said here, all jurors should re-examine their position given that a unanimous verdict has not been reached. Therefore jurors for acquittal should consider whether their doubt is reasonable considering that it is not shared by others equally honest who have heard the same evidence with the same desire to arrive at the truth and under the same oath. Likewise jurors for conviction should ask themselves whether they might not reasonably doubt the correctness of a judgment not concurred in by all other jurors.
 "Now I ask you to go back if those of you — if all of you will feel that further deliberations would produce any productive results for a unanimous verdict, either a unanimous verdict of guilty or unanimous verdict of not guilty.
 "If you feel you can do so then I'd ask you to go back to the jury room. At any rate go back to the jury room and then let us know whether you're going to continue deliberations or whether you are going to insist that you are still deadlocked. So with that you may go back."
(Trial Transcript, pp. 248-250).
Appellant concedes that this is the proper jury instruction in the event the jury could possibly render a verdict. State v.Howard (1989), 42 Ohio St.3d 18. Appellant maintains, however, that the trial court should have given the rest of the Howard charge that addresses the situation where a verdict may be impossible to achieve.
Appellant's argument in this regard is not persuasive. This Court will not reverse the judgment of a trial court based on the content of a jury instruction absent an abuse of discretion. Burke v. Schaffner (1996), 114 Ohio App.3d 655. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157. Additionally, we must consider the jury instruction as a whole and determine whether the instruction probably misled the jury in a matter materially affecting the complaining party's substantial rights. State v. Hardy (1971), 28 Ohio St.2d 89; State v. Price
(1979), 60 Ohio St.2d 136.
The Howard Court held that supplemental jury instructions given to a jury which has become deadlocked on the question of conviction or acquittal must encourage a verdict where one can be conscientiously reached and it must be balanced by asking all
the jurors to reconsider their position in light of the fact that others do not agree. Howard, supra at 25. The supplemental instructions given to the jury in the case at bar were quoted virtually verbatim from the Howard syllabus. It encouraged a verdict if one could be conscientiously reached and urged all jurors to re-examine their position in light of the existence of some disagreement.
Appellant maintains, however, that the trial court, "failed to adequately recite the portion of the Howard charge that dealt with the situation of whether a verdict was impossible to achieve in the present case." (Appellant's Brief, p. 12). At the onset, we must observe that the supplemental instructions approved by the Howard Court do not pertain to this event.Howard, supra, addressed a situation where the jury twice informed the trial court that they were deadlocked but there was no indication that a verdict was impossible. In the present case, the jury merely informed the trial court that they had voted six times and were unable to reach a unanimous verdict. As in Howard, there was no indication that the jury had determined that a verdict was impossible.
Appellant alternatively argues that the trial court was required to instruct the jury with the instructions contained in O.J.I. 415.50, entitled, "Verdict Impossible". Again, we must disagree with Appellant's contention. Preliminary, the instructions contained in O.J.I. are not required instructions; they are merely recommended. State v. Martens (1993), 90 Ohio App.3d 338,343. Furthermore, the instructions addressing the situation where a verdict appears to be impossible:
 "[I]s appropriately given when it appears to the court that the jury, after deliberating for a reasonable period of time, is unable to reach a verdict. The instruction changes the focus of deliberations by asking the jury to decide whether any verdict can be reached through further deliberations. If given prematurely, the instruction may be contrary to the goal of the Howard charge of encouraging a verdict where one can be conscientiously reached."
Id. at 343.
As indicated above, there was no indication that reaching a verdict in this matter was impossible. The jury charge Appellant urges us to accept would have been inappropriate at that juncture of jury deliberations. The trial court properly encouraged a verdict if it could be conscientiously reached by requesting all jurors to reexamine their positions. There was no indication that reaching a verdict was impossible which would then warrant the charge advanced by Appellant and the instructions given by the trial court did not encourage any particular verdict. As such, the trial court did not abuse its discretion by reciting the supplemental jury instructions approved in Howard, supra. Appellant's second assignment of error is accordingly overruled.
Finding no merit in either of Appellant's assignments of error, the judgment of the Jefferson County Court of Common Pleas is hereby affirmed.
Vukovich, J., Donofrio, J., concurs.
APPROVED:
 _______________________________ CHERYL L. WAITE, JUDGE