PECK, Appellant,

v.

SERIO et al., Appellees.

[Cite as *Peck v. Serio,* 155 Ohio App.3d 471, 2003-Ohio-6561.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–278.

Decided Dec. 9, 2003.

Lamkin, Van Eman, Trimble, Beals & Dougherty and Timothy L. Van Eman,
for appellant.

472

James E. Featherstone, for appellee Betty L. Serio.

SADLER, Judge.

{¶ 1} Plaintiff-appellant, Christina M. Peck, appeals from a judgment of the Franklin County Court of Common Pleas entered upon a jury verdict in favor of defendants-appellants, Betty L. Serio and Willetha N. Carmichael. Appellant also appeals the trial court's denial of her motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. For the reasons that follow, we find no error and affirm.

{¶ 2} Appellant filed this negligence action after sustaining personal injuries as a result of an automobile collision that occurred on February 3, 1999. On that date, appellant was a passenger in a vehicle being driven by Serio, appellant's mother. Carmichael drove the other vehicle, in which Carmichael's two sons were riding as passengers. Serio was driving south on Cleveland Avenue in Columbus, attempting to turn left onto Innis Road. Carmichael was driving north on Cleveland Avenue. As Serio attempted her left turn, her vehicle collided with Carmichael's vehicle as it proceeded straight through the intersection. Each driver claims that she had the right of way; Serio claims that she turned on a green left-turn arrow, and Carmichael claims that she proceeded into the intersection on a solid green light. Appellant testified at trial that she did not see the color of the light prior to the accident and does not recall whether her mother had the right-of-way when she attempted her left turn. Carmichael's sons were not called to testify, nor was a Clinton Township police officer whose cruiser was several cars behind Serio at the time she attempted her left turn. Thus, the only evidence offered as to the negligence of either driver was the testimony of each driver claiming the collision was the result of the negligence of the other.

{¶ 3} At the close of the evidence, appellant moved the court for a directed verdict on the basis that the theory of alternative liability operated to compel a verdict in her favor against both appellees. The magistrate presiding over the trial denied the motion. Appellant then requested that the jury be instructed on the theory of alternative liability. That request was also denied. The jury rendered a verdict in favor of both appellees and against appellant.

{¶ 4} Thereafter, appellant moved the court for judgment notwithstanding the verdict, or in the alternative, for a new trial, pursuant to Civ.R. 50 and 59, respectively. The magistrate issued a decision overruling appellant's motions. No objections to the decision were filed pursuant to Civ.R. 53. Finding no defects of law or other errors on the face of the magistrate's decision, the court

adopted it. Appellant timely appealed and presents two assignments of error for our review, as follows:

"I. The trial court erred in allowing the jury to find against an innocent Plaintiff, given there was no dispute that one or both Defendants were at fault.

"II. The trial court erred in denying Plaintiff's Motion for Judgment Notwithstanding the Verdict, or in the Alternative, Motion for New Trial."

{¶ 5} With respect to her first assignment of error, appellant argues that the trial court erred in refusing to direct a verdict in her favor and refusing to instruct the jury on the theory of alternative liability[1]. A motion for a directed verdict may be granted when the trial court, construing the evidence most strongly in favor of the nonmoving party, finds that upon any determinative issue, reasonable minds can come to but one conclusion upon the evidence submitted and that conclusion is adverse to the nonmoving party. *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 659 N.E.2d 1242. In determining whether to direct a verdict, the trial court does not engage in a weighing of the evidence nor does it evaluate the credibility of witnesses. Id. Rather, the trial court is confronted solely with a question of law: was there sufficient material evidence at trial so as to create a factual question for the jury. Id. Our review of the trial court's ruling on a motion for a directed verdict is de novo. *Titanium Industries v. S.E.A., Inc.* (1997), 118 Ohio App.3d 39, 691 N.E.2d 1087.

{¶ 6} When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case. *State v. Wolons* (1989), 44 Ohio St.3d 64, 541 N.E.2d 443. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 7} Appellant argues that this is a "classic case of alternative liability." We wholly disagree and find that the trial court was correct in refusing to apply the doctrine to this case. The classic illustration of the theory of alternative liability is *Summers v. Tice* (1948), 33 Cal.2d 80, 199 P.2d 1. In that case, the plaintiff and two defendants were hunting quail. The plaintiff proceeded up a hill such that the relative positions of the three hunters formed a triangle. The defendants' view of the plaintiff was unobstructed, and they knew the plaintiff's

---

**1.** "[T]he common phrase 'alternative liability' is misleading. The liability itself is joint and several, not in the alternative. It is rather causation that is in the alternative, because one or the other but not both tortfeasors are causes of the harm." Dobbs, The Law of Torts (2001) 9, Section 175, at 427.

location. One of the defendants flushed a quail, which rose into the air and flew between the plaintiff and the two defendants. Both defendants fired their weapons, but instead of firing in the direction of the quail, they both shot in the plaintiff's direction. The plaintiff was injured when birdshot struck his eye and face. The evidence adduced demonstrated that both defendants were negligent in shooting in the plaintiff's direction but failed to demonstrate which defendant's gun was the source of the shot that injured the plaintiff.

{¶ 8} On appeal, the court upheld the judgment in favor of the plaintiff and against both defendants, even though it remained undetermined which defendant's negligence was the proximate cause of the plaintiff's injuries. The court reasoned that when the negligence of both defendants is established but it cannot be established which person's negligence caused the plaintiff's injuries, there exists a " 'practical unfairness of denying the injured person redress simply because he cannot prove how much damage each did, when it is certain that between them they did all.' " *Summers*, supra, at 85–86, 199 P.2d 1, quoting Wigmore, Select Cases on the Law of Torts Section 153. The court went on to state that, in such situations, " 'let [the negligent defendants] be the ones to apportion [the damage] among themselves.' " Id., at 86, 199 P.2d 1, quoting Wigmore, supra.

{¶ 9} The *Summers* court further discussed the rationale for application of the doctrine of alternative liability as follows:

"When we consider the relative position of the parties and the results that would flow if plaintiff was required to pin the injury on one of the defendants only, a requirement that the burden of proof on that subject be shifted to defendants becomes manifest. They are both wrongdoers—both negligent toward plaintiff. They brought about a situation where the negligence of one of them injured the plaintiff, hence it should rest with them each to absolve himself if he can. The injured party has been placed by defendants in the unfair position of pointing to which defendant caused the harm. If one can escape the other may also and plaintiff is remediless. Ordinarily defendants are in a far better position to offer evidence to determine which one caused the injury." Id.

{¶ 10} Thus, even in its nascent form, the doctrine of alternative liability shifted only the burden of proof of causation away from the plaintiff in situations where two defendants acted negligently toward him or her, and the negligence of only one of the tortfeasors could have caused the plaintiff's injuries. Our research reveals that Ohio courts apply the doctrine of alternative liability in the same manner; that is, to shift the burden of proof of causation when the negligence of two parties has been established. In Ohio, the doctrine has never

been broadened to shift the burden of proof of *negligence,* as appellant herein is requesting this court to do.

{¶ 11} In the case of *Minnich v. Ashland Oil Co.* (1984), 15 Ohio St.3d 396, 15 OBR 511, 473 N.E.2d 1199, the Supreme Court of Ohio first adopted the theory of alternative liability. The court held:

> "Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each actor to prove that he has not caused the harm." Id. at syllabus.

{¶ 12} In so holding, the Supreme Court expressly adopted 2 Restatement of the Law 2d, Torts, Section 433B(3). Comment (f) to subsection (3) states:

> "[T]he reason for the exception [to the general rule that the plaintiff has the burden of proof of causation] is the injustice of permitting proved wrongdoers, who among them have inflicted an injury upon the entirely innocent plaintiff, to escape liability merely because the nature of their conduct and the resulting harm has made it difficult or impossible to prove which one of them has caused the harm."

{¶ 13} Comment (g) to subsection (3) explains:

> "The rule stated in Subsection (3) applies only where it is proved that each of two or more actors has acted tortiously, and that the harm has resulted from the conduct of some one of them. On these issues [of whether two or more actors were negligent toward the plaintiff] the plaintiff still has the burden of proof. The rule stated has no application to cases * * * where there is no proof that the conduct of more than one actor has been tortious at all. In such a case the plaintiff has the burden of proof both as to the tortious conduct and as to the causal relation." (Emphasis added.)

{¶ 14} This court applied the rule of *Summers v. Tice* and *Minnich v. Ashland Oil Co.* in the case of *Burke v. Schaffner* (1996), 114 Ohio App.3d 655, 683 N.E.2d 861. In that case, the facts were conspicuously similar to those in the case at bar. The issue for the jury's determination in *Burke* was which one of two people negligently stepped on a truck's accelerator, causing the truck to pin the plaintiff, who suffered injuries as a result. Each of these two possible tortfeasors (one who was the named defendant in the lawsuit, and one who was not a party) claimed it was the other who had stepped on the accelerator.

{¶ 15} The plaintiff relied on the testimony of the nonparty occupant of the truck, who testified it was the defendant and not him who had stepped on the accelerator. The defendant presented no evidence. The jury returned a verdict against the plaintiff, finding that he had failed to prove the negligence of the named defendant. On appeal, the plaintiff argued that the trial court erred in

refusing to direct a verdict in his favor, based on the doctrine of alternative liability, and that the court erred in failing to instruct the jury on the doctrine of alternative liability. The plaintiff argued that the court should have directed a verdict in his favor because he had presented evidence that the defendant was one of two possible tortfeasors, and the defendant had failed to present any evidence that she was not the tortfeasor. In overruling this assignment of error, this court stated:

> "[The plaintiffs] construe the case law in a manner which broadens the scope of the doctrine to include situations involving a single negligent act committed by one potentially unidentifiable person * * *. The trial court rejected this expansion of the doctrine.

> "We too reject such a broad interpretation.

> "* * *

> "[Under the language of Minnich] [t]he rationale for the doctrine of alternative liability, and the burden-shifting exception, is not applicable in circumstances where only one person has acted tortiously.

> "* * *

> "The Supreme Court of Ohio has continued to limit the application of alternative liability to 'unique situations,' all of which have required a plaintiff to satisfy a threshold burden of proving that '*all the defendants* acted tortiously.' * * *

> "Only upon a plaintiff's showing that *each* of the multiple defendants acted tortiously should the causation burden shift to and among the *defendants*, who have each created a 'substantially similar risk of harm.'

> "* * *

> "[S]ince alternative liability was not applicable, the defendant had no burden to present evidence that she did not cause the harm. As a result, the trial court did not err in overruling appellants' motion for a directed verdict, since reasonable minds could differ in concluding who, if anyone, was negligent." Id. at 662–664, 683 N.E.2d 861. (Citations omitted; emphasis sic.)

{¶ 16} Like the plaintiff in *Burke*, appellant herein wishes for this court to relieve her of the customary burden of proving that both defendants breached the duty of ordinary care. But the doctrine of alternative liability has never relieved plaintiffs of this burden. It is the plaintiff's fulfillment of this burden that triggers the application of the doctrine in the first instance. Then and only then, the doctrine of alternative liability operates to shift to the two defendant-tortfeasors the burden of disproving that their negligence has a causal link to the plaintiff's injuries.

{¶ 17} The evidence presented by appellant herein is conflicting as to which appellee had the duty to yield the right-of-way and failed to do so. There is no evidence that the traffic light was malfunctioning on the day of the accident. At best, and taking the facts in the light most favorable to appellant, we can assume only that one of the two appellees proceeded into the intersection on a red light.[2] The identity of that person is unknown. Thus, there is no evidence that both appellees were negligent. Accordingly, the doctrine of alternative liability does not apply, and on the evidence appellant presented, reasonable minds could differ as to who, if anyone, caused appellant's injuries. Thus, the magistrate did not err in overruling appellant's motion for a directed verdict. For the same reasons, the magistrate properly refused to instruct the jury on the theory of alternative liability.

{¶ 18} Appellant argues that when the jury returned a verdict finding that neither Serio nor Carmichael was negligent, it simply decided not to decide the issues before it, and that this result is unfair. In support of this contention, she cites the case of *Leeseberg v. Leithart* (Apr. 19, 1990), Franklin App. No. 89AP–960, 1990 WL 48171. In that case, the plaintiff's automobile was damaged when either (1) the driver of the plaintiff's vehicle negligently rear-ended Leithart or (2) Leithart negligently backed into the plaintiff's vehicle. The evidence was conflicting as to which of these two scenarios actually occurred. The court found that neither driver was negligent and entered judgment against the plaintiff.

{¶ 19} This court reversed the judgment, holding that it was against the manifest weight of the evidence, when the vehicle's damage could only have been the result of the negligence of either of the two defendants. Though the court recited the doctrine of alternative liability as embodied in the second Restatement and in *Minnich,* the court held, "It is an abuse of discretion for a court to dispose of issues by concluding that they are too difficult to resolve, then leaving the issues undecided." Id. at * 2. In our view, however, "[s]imply because the jury returns a verdict unfavorable to a party does not equate to the unusual case of 'issues too difficult to resolve.'" *Williamson v. Duffy* (May 28, 1992), Licking App. No. CA–3721, 1992 WL 147391 at * 3.

{¶ 20} In this case, the interrogatories make clear that the jury did resolve the issues. Jury Interrogatory A inquired, "Was Defendant Betty Serio negligent in failing to maintain a proper lookout, and was such negligence, if any, a proximate cause of the accident?" Jury Interrogatory B inquired, "Was Defendant Willetha

---

2. Appellant herself concedes on page five of her brief that "[b]oth Defendants claim to have had a green light and hence the right of way, yet it is clear that one of them did not." However, "proof that one of the two actors is negligent simply does not aid the plaintiff at all; they must all be wrongdoers before the burden shifts to them to disprove causation." Dobbs, The Law of Torts (2001) 9, Section 175, at 428.

Carmichael negligent in failing to maintain a proper lookout, and was such negligence, if any, a proximate cause of the accident?" The jury answered both interrogatories in the negative. and all eight jurors signed each interrogatory. Jury Interrogatory No. 1 inquired, "Based upon the facts, testimony, and evidence admitted at trial, do you find that *BOTH* Defendants were negligent and proximately caused the accident?" (Emphasis sic.) The jury also answered this interrogatory in the negative, and all eight jurors signed it.

{¶ 21} The result reached by the jury may be unfortunate, but it is not unfair. The court did not err in "allowing the jury to find against an innocent plaintiff" as appellant contends in her first assignment of error. The jury's verdict, in our view, is purely a result of its determination that appellant's evidence was insufficient to prove negligence on the part of either defendant. Our system guarantees only that a litigant will be afforded a fair opportunity to present her case; it does not guarantee that she will win it, even when she is "innocent" or otherwise blameless, as appellant herein surely is. For all of the foregoing reasons, appellant's first assignment of error is overruled.

{¶ 22} In her second assignment of error, appellant argues that the trial court erred in overruling her alternative motion for judgment notwithstanding the verdict or a new trial. We note, however, that appellant failed to file objections to the magistrate's decision denying this motion. Civ.R. 53(E)(3)(b) states, "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." In construing Civ.R. 53, this court has held that "the failure to file objections to the magistrate's decision under Civ.R. 53(E)(3)(b) constitutes the waiver of the right to appellate review 'of all but plain error.' " *In re Montgomery* (Oct. 28, 1999), Franklin App. No. 99–749, 1999 WL 1126441, quoting *Fed. Property Mgt. v. Brown* (June 25, 1999), Montgomery App. No. 17424, 1999 WL 961275. Finding no plain error in the denial of appellant's alternative motion, we overrule her second assignment of error.

{¶ 23} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

PETREE, P.J., and WATSON, J., concur.