OPINION
{¶ 1} Defendant-appellant appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, denying his motion to vacate a July 18, 1997 judgment entry that established him as the father of T.S. and ordered him to pay child support. For the following reasons, we affirm that judgment.
 {¶ 2} In December 1996, plaintiff-appellee filed a complaint in the trial court to establish appellant as the natural father of her child, T.S., born on June 26, 1991. Certified mail service of the complaint was delivered to 1913 Ormond Avenue in *Page 2 
Columbus, Ohio. A signed green card from that service was returned to the court bearing the signature of a appellant. After a hearing that appellant did not attend, a magistrate established appellant as the father of T.S., ordered him to pay monthly child support, and determined an amount of child support arrearage. Appellant did not file objections to the magistrate's decision. In a judgment entry dated July 18, 1997, the trial court adopted the magistrate's decision.
 {¶ 3} On November 7, 2005, appellant filed a motion to vacate the trial court's July 18, 1997 judgment entry. In his motion, appellant claimed, in part, that he was not the child's father and that he was never properly served with notice of the court proceedings. After a hearing, a magistrate denied appellant's motion. The magistrate noted that appellant failed to meet two of the three requirements necessary to obtain relief under Civ.R. 60(B). See GTE Automatic Electric, Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 151. Appellant did not file objections to the magistrate's decision. In a judgment entry dated October 24, 2006, the trial court adopted the magistrate's decision.
 {¶ 4} Appellant appeals and assigns the following errors:
 I. APPELLANT WAS DENIED HIS RIGHT TO NOTICE AND HEARING WHEN JUDGMENT WAS ENTERED AGAINST HIM WITHOUT PROPER SERVICE.
 II. APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WAS TIMELY FILED BECAUSE APPELLANT WAS NOT PROPERLY SERVED AND HE DID NOT RECEIVE NOTICE OF THE ORDER FROM THE COURT.
 {¶ 5} Initially, appellee argues that appellant's assignments of error should be overruled for his failure to file objections to the magistrate's decision and for his failure to provide this court with a transcript of the trial court proceedings. We agree. *Page 3 
 {¶ 6} Pursuant to Civ.R. 53(D)(3)(b),[1] a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule. Brown v. Zurich US, 150 Ohio App.3d 105,2002-Ohio-6099, at ¶ 26; Clendenen v. Fannin Realty, Inc., Franklin App. No. 01AP-1295, 2002-Ohio-4548, at ¶ 17. Thus, Civ.R. 53(D) imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court identifying any error of fact or law in the magistrate's decision. State ex rel. Alston v. Indus. Comm., Franklin App. No. 00AP-1379, 2002-Ohio-4720, at ¶ 4; Huffman v. Huffman (June 21, 2000), Mahoning App. No. 98 CA 136. A party is barred from raising any error on appeal pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule. Civ.R. 53(D)(3)(b); State ex rel. Booher v. Honda of Am. Mfg.,Inc., 88 Ohio St.3d 52, 2000-Ohio-269, at 53-54; see, also, State exrel. Abate v. Indus. Comm., 96 Ohio St.3d 343, 2002-Ohio-4796.
 {¶ 7} This court has held that the failure to file objections to a magistrate's decision under Civ.R. 53(D)(3)(b) constitutes the waiver of the right to appellate review of all but plain error. Buford v.Singleton, Franklin App. No. 04AP-904, 2005-Ohio-753, at ¶ 6; Peck v.Serio, 155 Ohio App.3d 471, 2003-Ohio-6561, at ¶ 22. In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic *Page 4 
fairness, integrity, or public reputation of the judicial process itself. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.
 {¶ 8} In the present case, Civ.R. 53(D)(3)(b) provided appellant with the mechanism to raise his arguments before the trial court. Appellant failed to utilize this method by not filing objections to the magistrate's decision. Therefore, we find that appellant has waived appellate review of the trial court's adoption of the magistrate's decision but for plain error. Buford. This case does not present exceptional circumstances that rise to the level of plain error. SeeBrown, supra, at ¶ 28.
 {¶ 9} Additionally, this court is unable to review the merits of appellant's assignments of error because he has not provided a transcript of the motion hearing. Miller v. Ameritech, Franklin App. No. 01AP-1209, 2002-Ohio-1313. The duty to provide a transcript for appellate review is with the appellant, as appellant has the burden of showing error by reference to the record. Id., citing Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. Because appellant has not provided this court with a transcript of the motion hearing, we must presume the validity of the trial court's proceedings and affirm those proceedings. See 513 East Rich Street Co. v.McGreevy, Franklin App. No. 02AP-1207, 2003-Ohio-2487, at ¶ 12. *Page 5 
 {¶ 10} For each of these reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
McGRATH and WHITESIDE, JJ., concur.
WHITESIDE, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Civ.R. 53 was amended as of July 1, 2006. Prior to that, Civ.R. 53(E)(3) governed objections to magistrate decisions. *Page 1