MINNICH ET AL., APPELLANTS, *v.* ASHLAND OIL COMPANY, INC. ET AL., APPELLEES.

[Cite as Minnich *v.* Ashland Oil Co. (1984), 15 Ohio St. 3d 396.]

(No. 84-469—Decided December 31, 1984.)

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. J. Kenneth Meagher,* for appellants.

*Waite, Schneider, Bayless & Chesley Co., L.P.A.,* and *Mr. Troy W. Skeens, Jr.,* for appellee Ashland Oil Co.

*Bloom & Greene Co., L.P.A., Mr. James J. Montgomery* and *Mr. Stephen K. Shaw,* for appellee M.J. Daly Co.

J. P. CELEBREZZE, J. In this case we are faced with determining whether Ohio should adopt the doctrine of alternative liability set forth in 2 Restatement of the Law 2d, Torts (1965) 441-442, Section 433(B)(3). For the following reasons, we have determined that fairness demands application of that doctrine to situations similar to the case at bar.

Section 433(B)(3) is an exception to the general rule that the burden of proof of proximate cause rests with the plaintiff. That section states:

"Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm."

The shifting of the burden of proof brought about by this doctrine avoids the "injustice of permitting proved wrongdoers, who among them have inflicted an injury upon the entirely innocent plaintiff, to escape liability merely because the nature of their conduct and the resulting harm has made it difficult or impossible to prove which of them has caused the harm." 2 Restatement of the Law 2d, Torts (1965) 446, Section 433(B)(3), Comment f.

It should be emphasized that under this alternative liability theory, plaintiff must still prove: (1) that two or more defendants committed tortious acts, and (2) that plaintiff was injured as a proximate result of the wrongdoing of one of the defendants. Only then will the burden shift to the defendants to prove that they were not the cause of plaintiff's injuries. This doctrine does not apply in cases where there is no proof that the conduct of more than one defendant has been tortious.

In recognizing the theory outlined above, we find it unnecessary to overrule this court's decision in *Gedra* v. *Dallmer Co.* (1950), 153 Ohio St. 258 [41 O.O. 274]. Paragraph two of the syllabus in that case reads:

"* * * [I]f the injury complained of might well have resulted from any one of several causes, it is incumbent upon plaintiff to produce evidence which will exclude the effectiveness of those causes for which defendant is not legally responsible."

The *Gedra* rule was explained in *Westinghouse Electric Corp.* v. *Dolly Madison Corp.* (1975), 42 Ohio St. 2d 122, 127 [71 O.O.2d 85], as follows:

"* * * That rule merely states the logical principle that where several reasonable explanations of an event are possible, the disproof of all but one necessarily acts as the proof of that one, and there are cases where this method of proof is the only way in which plaintiff can make his case.

The rule does not intrude on the jury's role as the finder of facts, nor does it impose on a plaintiff the burden of always effectively eliminating all other possible causes in order to make his case, which would impose a burden of proof analogous to the burden in criminal cases of proof beyond a reasonable doubt. Rather, the rule holds that where the facts from which an inference of probable proximate cause must be drawn are such that it is as reasonable to infer other causes, plaintiff has failed to supply proof of probable cause."

Though appellees argue, and the court of appeals accepted, the position that this court has, through its decisions in *Gedra* and *Westinghouse,* previously rejected the doctrine we adopt today, we find no support for that position. Both those cases are distinguishable from the case at bar in that they involve a single plaintiff and a single defendant, with allegedly multiple proximate causes for the plaintiff's injuries. In the instant case, however, plaintiffs allege two negligent defendants and a single proximate cause. We thus find our decision in *Gedra* inapplicable.

The court of appeals below viewed the Restatement theory and the *Gedra* rule as conflicting. That court rejected the rule we adopt today, and applied *Gedra,* to affirm the trial court's summary judgment for defendants. Consequently, no determination has been made as to whether either defendant committed a tortious act, or whether either defendant's act was the proximate cause of appellant's injuries. These issues must be decided by a trier of fact in order to apply the Restatement rule.

Accordingly, we reverse the decision of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., concur.

W. BROWN, LOCHER and HOLMES, JJ., dissent.

LOCHER, J., dissenting. Although I concur with the position adopted by Justice Holmes in his dissent which follows, some additional observations are in order.

Recently this court has seemed to have overlooked the actual facts of the cases before us. This is done to create new law without regard to our institutional role as an appellate court. The readers of our opinions should, for example, review the records in *Shinaver* v. *Szymanski* (1984), 14 Ohio St. 3d 51, and the various cases consolidated in *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90. Even a cursory inspection of the records in those cases, among others, would indicate the existence of undisputed evidence mandating different legal results. Similarly, the underlying facts

in the instant case are superficially glossed over or ignored entirely by the majority.

Ironically, this case may create "good" law in the sense that alternative liability is now the law of this state. The price we must pay for that "good" law, however, is far too high.

The majority posits that the ends justify the means regardless of the costs to the defendants who must now offer legal defense to an otherwise feckless lawsuit and be tried for the second time on summary judgment. I reject this approach and would affirm summary judgment as a matter of law.

Courts derive their power from a tradition of acting only on the facts before them. As Justice Marshall recognized in *Marbury* v. *Madison* (1803), 5 U.S. (1 Cranch) 137, 175: "It is the essential criterion of appellate jurisdiction, that it revises and corrects the proceedings in a case already instituted, and does not create that cause."

A review of the record before us indicates that the party defendants herein could not possibly be held liable under the theory of alternative liability since no evidence was adduced to support the preliminary allegations of tortious behavior necessary to sustain the theory. The evidence presented unequivocally demonstrates that the defendant chemical companies produced a product that contained adequate warnings and could not have been anticipated to be used in the manner which caused injury to the plaintiff herein. In spite of the fact the chemical containers were clearly marked and a separate letter was sent to plaintiff's employer detailing the hazards and applications of the chemical substances, plaintiff's employer, unknown to the defendants, first placed the chemical in an unlabeled container and from that container into an unlabeled squeeze bottle. The chemical was thereafter utilized in an unventilated area for an application analogous to waxing a floor with nitroglycerine. It is inconceivable, based upon these and other uncontroverted facts that the chemical company defendants committed any acts, or failed to act, in a manner which could have proximately resulted in plaintiff's injuries.

The reputation of this court is not enhanced by placing our imprimatur on spurious allegations in an apparent obsession to change law overnight. Because the plaintiffs failed to satisfy the prerequisite to application of alternative liability, as a matter of law, by failing to present a colorable argument to support their allegations, this court once again allows an otherwise laudable doctrine to rest on a foundation of sand.

Decisions, like the one today, lend incentive to costly appeals which may benefit the attorneys and the desires of this court to change the laws of this state but certainly do not benefit the parties in interest. I can see no good reason why we should reward imaginative arguments, unsubstantiated by the facts, in order to perform a quick fix on our common law in Ohio. I also would not lend impetus to our trial and appellate courts to give their own advisory opinions in anticipation of this court's possible deci-

sions in an effort to stave off results like those today. The majority would be better advised to act with restraint if they expect their decisions to be respected by future courts. Accordingly, I dissent.

HOLMES, J., dissenting. While the doctrine of alternative liability may possess merit in a given case, it does not apply in the case *sub judice* as appellant failed to show that reasonable minds could differ as to the liability of the appellees based upon any negligence of either. Due to the majority's misinterpretation of Section 433(B) of 2 Restatement of the Law 2d, Torts (1965) 441, and cases decided thereunder, I must dissent.

The alternative liability doctrine was first enunciated by the California Supreme Court in *Summers* v. *Tice* (1948), 33 Cal. 2d 80, 199 P. 2d 1. In such case, the plaintiff brought an action against two hunting companions as a result of being struck in the right eye and face by birdshot discharged from a shotgun. It was alleged that the defendants fired at a quail and struck plaintiff instead. The plaintiff, however, was unable to conclusively establish which companion shot him, as both fired their guns from the same proximity at approximately the same time.

The California trial judge ruled that each defendant was negligent as their conduct was not that of a reasonable person. Based on this ruling, the California Supreme Court held that the burden of proving causation shifted to the negligent defendants because the plaintiff was put in the unfair position of attempting to establish which defendant caused the harm. The court further noted that to hold otherwise would be to exonerate the defendants from liability even though it was established that each was negligent and an injury resulted from such negligence.

The seminal case concerning alternative liability in the area of products liability is that of *Hall* v. *E. I. Du Pont De Nemours & Co., Inc.* (E.D. N.Y. 1972), 345 F. Supp. 353.[1] There, the action arose out of eighteen separate accidents in which children were injured by blasting caps. The plaintiffs sought damages from manufacturers of the caps and their trade association. However, in most instances, the manufacturer of the specific blasting cap was unknown.

The New York federal court held that a plaintiff must satisfy three essential elements before shifting the burden of causation under the alternative liability theory. First, the plaintiff must establish that the injury-causing product was of the type made by the defendants. Second, the plaintiff must demonstrate that each defendant breached a duty of care owed to him. And, third, the plaintiff must show that all of the breaches committed by the defendants were substantially concurrent in time and of a similar nature.

The drafters of the Restatement of the Law of Torts 2d also indicated

---

[1] This case was also concerned with the enterprise liability theory which is not at issue here.

that a plaintiff must first establish negligence before gaining the benefits of Section 433(B). Comment g to such section provides at 446:

"[T]he rule * * * applies only where it is proved that each of two or more actors has acted tortiously, and that the harm has resulted from the conduct of some one of them. On these issues the plaintiff has still the burden of proof. The rule stated has no application to cases of alternative liability, where there is no proof that the conduct of more than one actor has been tortious at all. In such a case the plaintiff has the burden of proof both as to the tortious conduct and as to the causal relation." See, also, Prosser & Keeton, Law of Torts (5 Ed. 1984) 271, Section 41.

In the present case, it is undisputed that both appellees supplied ethyl acetate to appellant's employer. Appellees gave information to the employer concerning the acetate including its highly flammable propensity and the fact that it should not be used around electric motors. Warnings were also placed on the huge drums in which the material was transported. However, the warnings were effectively ignored, as the ethyl acetate was removed from the drums and placed in a safety can, only to be transferred again into unmarked squeeze bottles which were subsequently used by appellant to clean the printing press. This practice eliminated any opportunity for appellant to read and follow the warning labels. Therefore, the cause of the accident was a combination of appellant's misuse of the acetate and the employer's failure to inform its employees of the dangerous propensities of the liquid.

Appellant's complaint sought damages for an alleged failure to warn on the part of appellees. Pursuant to Section 402(A) of the Restatement of the Law 2d, Torts, where a manufacturer provides adequate warning, it is assumed that such warning will be read and heeded, and the product cannot be rendered unreasonably dangerous under the principles of strict products liability. 2 Restatement of the Law 2d, Torts (1965) 353, Section 402(A), Comment j. The information supplied by appellees to appellant's employer satisfied appellees' obligations to adequately warn as a matter of law. *Weekes* v. *Michigan Chrome & Chemical Co.* (C.A. 6, 1965), 352 F. 2d 603; *Bertone* v. *Turco Products, Inc.* (C.A. 3, 1958), 252 F. 2d 726. Therefore, summary judgment was proper in this case as appellant could not establish that appellees were negligent which, in turn, would give appellant the benefit of alternative liability.

Accordingly, I would affirm the judgment of the court of appeals.

W. BROWN, J., concurs in the foregoing dissenting opinion.