FIORELLA, Exr., Appellant,

v.

ASHLAND OIL, INC. et al., Appellees.

[Cite as *Fiorella v. Ashland Oil, Inc.* (1993), 92 Ohio App.3d 411.]

Court of Appeals of Ohio,
Summit County.

No. 16259.

Decided Dec. 8, 1993.

*R. Bryan Nace* and *A. Russell Smith,* for appellant.

*Lori Lee Siwik* and *Michael Curtin,* for appellees.

QUILLIN, Judge.

Appellant, William J. Fiorella, as executor of Joseph Fiorella's estate, filed a wrongful death action against appellees, Shell Oil ("Shell"), Union Oil Company of California ("Unocal"), Ashland Oil, Inc. ("Ashland") and Farley Chemical and Solvents Company ("Farley"). Joseph Fiorella worked at General Tire & Rubber Company's Akron plant from 1945–1979. Appellant alleges that Fiorella's employment at General Tire caused him to come in contact with benzene and benzene-containing products supplied by appellees, which ultimately caused him to contract cancer and die. Appellant's amended complaint asserts that the named defendants are liable on theories of strict liability, negligence and wanton misconduct, express warranty, implied warranty, fraud and misrepresentation, and civil conspiracy.

Appellees Ashland, Shell and Unocal filed a motion for summary judgment, alleging that appellant failed to raise a genuine issue of material fact that decedent had ever been exposed to any product manufactured, distributed or supplied by them. Additionally, Farley moved for summary judgment propounding, *inter alia,* that appellant failed to prove that Fiorella ever came in contact with products supplied by Farley.

The trial court granted summary judgment in favor of all the defendants before the court. Appellant appeals and raises three assignments of error.

### Assignment of Error I

"The trial court erred in granting summary judgment for defendants-appellees because: (A) there are genuine issues of material fact to be determined by a jury; and (B) defendants-appellees are not entitled to a summary judgment as a matter of law."

Civ.R. 56(C) specifically requires a trial court to affirmatively determine each of the following factors before granting summary judgment:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

■ Appellees moved for summary judgment, asserting that appellant had failed to prove that a genuine issue of material fact existed as to whether products which they supplied to General Tire proximately caused decedent's death. Because proximate causation is an essential element of each of the appellant's causes of action, to avoid an order of summary judgment appellant was required to produce evidence establishing that a genuine issue of material fact existed with regard to the proximate causation issue. See *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099.

Appellant offered evidence that appellees Ashland and Unocal had admitted to selling benzene or benzene-containing products to General Tire at various times during decedent's term of employment. While Shell denied that it sold the products directly to General Tire, it admitted supplying them to Farley. Farley, in turn, admitted to supplying General Tire with products manufactured by Shell and Ashland. Additionally, evidence was produced that once benzene-containing solvents and rubber cement were delivered to General Tire, they were taken to a warehouse known as the "cement house." These products were then mixed together in large tanks or kept in fifty-five gallon drums and were distributed in unmarked containers throughout the General Tire plant as they were needed.

Appellant produced the deposition testimony of Charles Foster, a retired employee of General Tire, who testified that while he and decedent worked in the "final finish" department, he witnessed decedent labeling and repairing tires. Additionally, Foster testified that decedent was the company's "check-out man," which required him to count, document the size, and label all of the tires. Both the process of labeling and repairing tires required decedent to use rubber cement, a substance containing benzene. Additionally, a cleaning material containing benzene was used in the process of repairing and labeling tires.

■ The trial court held that the plaintiff failed to meet his "burden of proving substantial exposure on a regular basis merely by showing that a particular manufacturer's product was present in compounds used on the job site." In so holding, the trial court cited *Hendrickson v. Pfizer* (Jan. 31, 1990), S.D.Ohio No.

C–2–84–0518, unreported, for the proposition that the mere presence of the product somewhere in a plant is not enough to establish causation. In *Hendrickson*, however, the plaintiff admitted that he had never personally worked with or used the defendant's asbestos-containing product. The only evidence offered to show that the plaintiff had been exposed to defendant's asbestos-containing product was that carpenters had used the product on the job site. The court held that the mere fact that the asbestos-containing product was on the job site was not sufficient to establish that plaintiff was exposed to that product. To the contrary, evidence was produced in the case *sub judice* sufficient to prove decedent's prolonged exposure to specific types of benzene-containing products. Viewing this evidence most strongly in favor of appellant—the nonmoving party in this case—a genuine issue of material fact exists concerning decedent's exposure to the type of benzene-containing products manufactured by appellees and supplied to General Tire.

■ The question left for consideration is whether appellant has offered evidence sufficient to raise a genuine issue of material fact that decedent was directly exposed to any of the appellees' products. Appellant urges this court to apply the alternative liability theory, adopted by the Ohio Supreme Court in *Minnich v. Ashland Oil Co.* (1984), 15 Ohio St.3d 396, 15 OBR 511, 473 N.E.2d 1199. The alternative liability theory provides:

"[W]here the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm." *Id.* at syllabus, adopting 2 Restatement of the Law 2d (1965), Torts, Section 433B(3).

"The shifting of the burden of proof brought about by this doctrine avoids the 'injustice of permitting proved wrongdoers, who among them have inflicted an injury upon the entirely innocent plaintiff, to escape liability merely because the nature of their conduct and the resulting harm has made it difficult or impossible to prove which of them has caused the harm.' " *Id.*, 15 Ohio St.3d at 397, 15 OBR at 512, 473 N.E.2d at 1200.

■ In order for a plaintiff to shift the burden to the defendants to prove that they were not the cause of the plaintiff's injuries under an alternative liability theory, the plaintiff is required to prove each of the following:

"(1) that two or more defendants committed tortious acts, and (2) that plaintiff was injured as a proximate result of the wrongdoing of one of the defendants." *Id.*

The Supreme Court of Ohio applied the first prong of the *Minnich* two-pronged test in *Goldman v. Johns–Manville Sales Corp.* (1987), 33 Ohio St.3d 40, 514 N.E.2d 691, where the court held:

"[A]lternative liability theory in an asbestos litigation case will be rejected where the plaintiff is unable to prove that the injury was caused by the asbestos-containing products of any of the defendants before the court." *Goldman, supra,* paragraph two of the syllabus.

In *Goldman,* the court specifically found that the alternative theory of liability was inapplicable, stating:

"In this case, it is clear that Goldman has not been able to show that any of the defendants acted tortiously, because she is unable to show that *any* of the defendants remaining in this case supplied *any* asbestos products to [plaintiff's employer]." (Emphasis *sic.*) *Id.,* 33 Ohio St.3d at 45, 514 N.E.2d at 696.

Unlike the factual situation in *Goldman,* appellant offered evidence upon appellees' motions for summary judgment proving that Ashland, Unocal, Shell and Farley either directly or indirectly supplied General Tire with benzene or benzene-containing products. Accordingly, viewing the facts and inferences in a light most favorable to appellant, we believe that appellant has satisfied the first prong of the *Minnich* two-pronged test.

The question which remains is whether, under the second prong of the *Minnich* two-pronged test, decedent was injured as a proximate result of the wrongdoing of one of the defendants. Courts have generally read this prong to require all potential defendants to be joined in order to apply the alternative liability theory. *E.g., Marshall v. Celotex Corp.* (E.D.Mich.1987), 651 F.Supp. 389, 392; *Starling v. Seaboard Coast Line RR. Co.* (S.D.Ga.1982), 533 F.Supp. 183, 188; *Sindell v. Abbot Laboratories* (1980), 26 Cal.3d 588, 603, 163 Cal.Rptr. 132, 139, 607 P.2d 924, 931. In *Vigiolto v. Johns–Manville Corp.* (W.D.Pa.1986), 643 F.Supp. 1454, 1457, a federal district court rejected application of the alternative liability theory in a case where all the possible wrongdoers were not before the court, supplying its reasoning as follows:

"The *sine qua non* of § 433B(3) liability [alternative liability] is proof that harm has been caused to plaintiff by *at least one* of the multiple [defendants] sued by the plaintiff. * * * [I]f plaintiff cannot prove who caused his injuries and does not name as defendants *all* who *possibly could have,* plaintiff has not proved that *at least one* of the named defendants caused the harm. * * * [T]he plaintiff must name as defendants all who could have caused the complained of injury." (Emphasis *sic.*)

In *Huston v. Konieczny* (1990), 52 Ohio St.3d 214, 219, 556 N.E.2d 505, 510, the Ohio Supreme Court stated:

"In order for the burden of proof to shift from the plaintiffs under 2 Restatement of the Law, 2d, Torts, Section 433B(3), all tortfeasors should be before the court, if possible."

In its findings and order, the trial court granted appellees' motions for summary judgment partially on the grounds that "[alternative liability] is * * * limited to where all the actors are joined as Defendants." Appellees argue that several parties who were not named as defendants in this action supplied benzene and benzene-containing products to General Tire during decedent's term of employment. Appellant does not seriously dispute this contention. In fact, at the summary judgment hearing, appellant's attorney conceded that there were probably other suppliers of the benzene-containing products not named as defendants to the lawsuit.

Appellant argues that *Huston* stands for the proposition that all possible wrongdoers need not be joined to apply alternative liability. In *Huston*, the plaintiff sued several parties for personal injuries sustained as passenger of an automobile allegedly driven by an intoxicated youth, who acquired intoxicants while attending an unsupervised teenage party. The court reviewed the appellants' argument that there were several equally likely sources of the driver's alleged intoxication who were not named as defendants and, therefore, plaintiff failed to prove that one of the defendants' tortious conduct caused plaintiff's injuries. The court specifically applied the *Minnich* two-pronged test for alternative liability to the facts of the case before it, stating:

" * * * plaintiffs must show: (1) that the [intoxicants] furnished to [the] underage persons came from the [named defendants], and (2) that [plaintiff] was injured as a proximate result of the wrongdoing of at least one of [the] defendants." *Id.*, 52 Ohio St.3d at 219, 556 N.E.2d at 510.

The court, however, upheld the appellate court's reversal of an order of summary judgment in favor of defendants, stating:

"In the present case it is possible that [the driver] could have become intoxicated by [intoxicants] furnished by other partygoers. However, the evidence, when taken in plaintiffs' favor, does not compel that conclusion." *Id.*

We believe that *Huston* can be distinguished from the case *sub judice.* In *Huston,* the plaintiff produced evidence that defendants individually furnished a pony keg of beer and various bottles and cans of beer which were made available to all partygoers. Most of the remaining partygoers in attendance were under the legal alcohol-purchasing age. While there was evidence that some of the partygoers might have brought their own beer, the evidence, when viewed in a light most favorable to the plaintiff, did not suggest that someone other than one of the named defendants furnished the driver with intoxicants. Conversely, there

is no genuine issue of fact that the named defendants in the case *sub judice* are all of General Tire's suppliers of benzene-containing products who could have caused the complained of injury.

Appellant's first assignment of error is overruled.

### Assignments of Error II and III

"The trial court erred in granting summary judgment for defendant Farley based upon R.C. 2307.78."

"The trial court erred in determining that defendant Farley made no sales of solvents to General Tire's Akron Plant."

Upon appellee Farley's motion for summary judgment, evidence was offered that Farley sold benzene-containing products to General Tire, which were supplied to it by Ashland and Shell. The trial court granted summary judgment to Farley. The trial court based its finding on alternative theories. The first of these theories was that appellant had failed to produce evidence raising a genuine issue of material fact that decedent was exposed to benzene-containing products supplied by Farley. The second theory was that "even if the Plaintiff could prove that Farley supplied General [Tire] with any product containing benzene, then pursuant to R.C. 2307.78 Farley must also be found to be not negligent."

■ Through our analysis of appellant's first assignment of error, we have dispensed with the necessity of entering into prolonged discourse with respect to appellant's second and third assignments of error. In *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 285, 21 O.O.3d 177, 179, 423 N.E.2d 467, 469, the Supreme Court of Ohio stated that for a plaintiff "to establish actionable negligence, one * * * must show the existence of a duty, the breach of the duty, *and injury resulting proximately therefrom.*" (Emphasis added.) Additionally, proximate causation is an essential element which appellant is required to prove in each of his remaining causes of action. *State Auto. Mut. Ins. Co. v. Chrysler Corp.* (1973), 36 Ohio St.2d 151, 156, 65 O.O.2d 374, 377, 304 N.E.2d 891, 894–895 (strict liability); *Lonzrick v. Republic Steel Corp.* (1966), 6 Ohio St.2d 227, 35 O.O.2d 404, 218 N.E.2d 185, paragraph two of the syllabus (warranty); *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 55, 514 N.E.2d 709, 711–712 (fraud and deceit); *Hoffman v. Johnston* (1941), 68 Ohio App. 19, 29, 22 O.O. 68, 73, 36 N.E.2d 184, 189–190 (civil conspiracy). In order for a plaintiff in a personal injury suit to have his case submitted to a jury, it is necessary that the plaintiff produce some evidence upon each element essential to establish liability, or produce evidence of a fact upon which a reasonable inference may be predicated to support such element. *Strother, supra,* 67 Ohio St.2d at 285, 21 O.O.3d at 179, 423 N.E.2d at 469.

As previously discussed, in the absence of an application of the alternative liability theory, the evidence submitted in this case fails to raise a genuine issue of material fact on the issue of proximate causation. Because appellant has failed to join as defendants all parties that supplied benzene-containing products to General Tire, the alternative liability theory is inapplicable. Appellant's third assignment of error is overruled.

Appellant's second assignment of error has been rendered moot by our disposition of appellant's third assignment of error. Therefore, we decline to address that theory on its merits. App.R. 12(A)(1)(c).

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., and DICKINSON, J., concur.