OPINION
{¶ 1} The plaintiff-appellant, Linda Sue Lonaker, appeals from the trial court's order granting summary judgment in favor of the defendants-appellees, Cincinnati Youth Sports, d/b/a Cincinnati Sports Bingo (CYS), and BIC, Inc., on her claim for personal injuries sustained when she tripped and fell on a "bingo book" strap. In her single assignment of error, she contends that the record contains sufficient evidence to create a genuine issue whether her injuries were proximately caused by the negligence of CYS and BIC. For the following reasons, we affirm the trial court's judgment.
 Evidence of Record {¶ 2} On January 30, 2000, Lonaker was playing bingo on premises owned by CYS, a charity that operated bingo games to fund youth sports. She had played bingo there on several previous occasions. On January 30, 180 to 200 people were in the bingo hall. During the first intermission, Lonaker went to the foyer to get a "bingo book," a magazine that advertised discounts at local gambling enterprises. An agent of BIC, the publisher, had delivered 40 bundles of bingo books to the hall. Each bundle, which contained 25 books weighing a total of 14 pounds, was bound along the length and width with two crisscrossing 24-inch-long black plastic straps. BIC placed half of the bundles in a closet and the other half on the floor in a corner of the foyer.
 {¶ 3} The only witness to Lonaker's fall was a bingo-package vendor, Marsha K. Mangino, the owner of Bingo Supply Products. She stated that Lonaker "wiggled" a magazine out from under the bundle straps and began looking through it as she turned to walk back into the main hall. According to Mangino, Lonaker failed to realize that one of the bundle straps had clung to the magazine she was carrying. Mangino described how the strap then fell off the magazine and onto the floor, where it caught on Lonaker's foot, causing her to fall to the ground.
 {¶ 4} When cross-examined, Mangino acknowledged that it was not unusual for the bundle straps to end up on the floor at the bingo halls. She testified, however, that she did not remember seeing any other straps on the floor that night, although she conceded that there could have been. When asked by Lonaker's counsel if it was possible that Lonaker had fallen on a strap already on the floor, she answered, "I thought it fell from the book, it could have been one laying [sic] there."
 {¶ 5} Lonaker acknowledged that she did not see the strap that was stuck to the magazine. But she stated that she "assumed" that the strap on which she fell was already on the floor. She described how she took the magazine from a bundle and "walked rapidly" back to her seat: "[B]efore I knew it I was flying, something was on my ankles and I fell." She theorized that the reason that she had not seen the strap on the floor until after she fell was because the foyer was crowded and the strap's black color blended with the dark carpet.
 {¶ 6} As a result of her fall, Lonaker suffered a broken arm and injuries to her knee.
 Standard of Review {¶ 7} Because summary judgment presents only questions of law, an appellate court reviews the record de novo. See Doe v.Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 N.E.2d 1243. Summary judgment is proper when the court, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, determines (1) that no genuine issue of material fact remains to be litigated; (2) that the moving party is entitled to judgment as a matter of law; and (3) that the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. See Civ.R. 56(C); see, also, Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107, 662 N.E.2d 264.
 {¶ 8} Although owners or occupiers of premises are not insurers of the safety of business invitees, they owe them a duty to maintain their premises in a reasonably safe condition and not to expose them to unreasonable risks of harm. Id.; see Paschalv. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,480 N.E.2d 474. Liability is based on the theory that the owner or occupier's superior knowledge of a danger creates a duty to exercise reasonable care not to injure business invitees and to warn them of latent dangers of which the owners and occupiers are aware. Id.; see Wesley v. The McAlpin Company (May 25, 1994), 1st Dist. No. C-930286.
 Analysis {¶ 9} When CYS and BIC filed their motions for summary judgment asserting a lack of any evidence of negligence and proximate cause, Lonaker had a reciprocal burden to demonstrate a triable issue of fact on these issues. See Dresher at 293-294,662 N.E.2d 264. In Lonaker's view, she satisfied her burden because she submitted sufficient evidence to create triable issues concerning whether (1) CYS and BIC were negligent either in not removing the potentially hazardous straps from the bundles or in not policing the foyer for discarded straps, and (2) such negligence was the proximate cause of her fall. We disagree.
 {¶ 10} Although Mangino testified that she had frequently seen straps on the floor at bingo games, she also testified that she was unaware of any patron ever having been injured by tripping on a strap. Significantly, Lonaker did not provide any evidence that by not cutting and removing the straps prior to the bundles being distributed, or by failing to police the floor for any discarded straps, CYS or BIC had violated any industry standard or practice. Likewise, she did not present any evidence by a safety expert that the use of the straps as bundling material constituted an unreasonable or latent hazard.[1]
 {¶ 11} We are not convinced, therefore, that Lonaker submitted sufficient evidence to create a triable issue concerning whether either CYS or BIC was negligent in creating an unreasonable risk of harm on the premises. The occurrence of a single accident involving the straps did not make their use hazardous or latently dangerous.
 {¶ 12} Furthermore, in our view, the cause of Lonaker's fall remained a matter of speculation. She candidly conceded that her belief that the strap was already on the floor was only an assumption — an assumption undercut by Mangino's testimony. The evidence was just as strong, if not stronger, that she tripped on a strap that had clung to the magazine that she was carrying, and that she had simply failed to notice when it fell around her foot. If she tripped on a strap that fell from a magazine that was in her own hands, as described by Mangino, she could hardly have claimed that she suffered any injury as a result of either CYS's or BIC's negligence in failing to police the premises for discarded straps.
 {¶ 13} Even if the strictures of Civ.R. 56 were to require us to consider it equally plausible that Lonaker fell on a strap already on the floor, Lonaker would still not have satisfied her burden to demonstrate a triable issue on causation. As we have previously noted, a "plaintiff who cannot produce any affirmative evidence of the defendant's negligence, leaving it but one of severally equally valid theoretical causes for the actionable injury, must then undertake a process of elimination where all other nonnegligence causes are effectively disproven. Otherwise the plaintiff would be asking the fact finder merely to speculate in his or her favor, a latitude the law does not grant." Laurav. Adler (Aug. 9, 1995), 1st Dist. No. C-940312. See, also,Gedra v. Dallmer Co. (1950), 153 Ohio St. 258, 91 N.E.2d 256, paragraph two of the syllabus; Westinghouse Electric Corp. v.Dolly Madison Corp. (1975), 42 Ohio St.2d 122, 127,326 N.E.2d 621; Minnich v. Ashland Oil Co. (1984), 15 Ohio St.3d 396, 398,473 N.E.2d 1199.
 {¶ 14} In short, negligence is never presumed, and the plaintiff must show how and why the injury occurred. SeeWesley, supra, quoting Boles v. Montgomery Ward Co. (1950),153 Ohio St. 381, 389, 92 N.E.2d 9.
 {¶ 15} Given the benefit of all reasonable inferences, it still cannot be said that Lonaker had produced evidence showing that it was more likely that she tripped on a strap already littering the floor, as opposed to one that fell from her own hands. Although the cause of her fall may arguably have presented a question of fact, the answer remained at best one of two "equally valid theoretical causes," only one of which was actionable. With this state of equipoise, the cause of her injuries remained a matter of speculation, not a triable issue.
 {¶ 16} Accordingly, Lonaker's assignment of error is overruled and the trial court's judgment is affirmed.
Judgment affirmed.
Doan, P.J., and Painter, J., concur.
[1] Contrary to Lonaker's argument, the record does not establish that the trial court granted summary judgment to CYS and BIC on grounds that the strap was open and obvious. The trial court granted both motions for summary judgment without reasons.